1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EKANEM KUFREOBON ESSIEN,

Plaintiff,

v.

SUZANNE M. PEERY,

Defendant.

Case No.  15-cv-02032-EDL

**ORDER TO SHOW CAUSE**

Re: Dkt. No. 1

Petitioner Ekanem Kufreobon Essien, a state prisoner incarcerated at High Desert State Prison, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner is represented by counsel and has consented to the jurisdiction of a magistrate judge.

I.      **BACKGROUND**

Petitioner was convicted by a California court of forcible rape while acting in concert in violation of California Penal Code section 264.1(a), and second degree robbery in violation of California Penal Code sections 211, 212.5(c).  Petitioner was convicted by a jury in the Superior Court of the State of California in and for the County of Alameda.  On or about March 12, 2012, he was sentenced to 34 years and four months incarceration in state prison.  Petitioner's sentence was based on the following enhancements: (1) crime committed for the benefit of, at the direction of, or in association with, a criminal street gang pursuant to California Penal Code section 186.22(b)(1); (2) prior serious felony offense pursuant to California Penal Code section 667(a)(1); (3) prior prison term pursuant to California Penal Code section 667(b); and (4) prior "strike" conviction pursuant to California Penal Code sections 667(c) & (e), 1170.12(a).  Petitioner unsuccessfully appealed his conviction to the California Court of Appeal and the Supreme Court of California, which on February 11, 2014 denied review of a petition allegedly raising the same claims raised here.

## II.    DISCUSSION

### A.    Legal Standard

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.  Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false.  See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

### B.    Petitioner's Legal Claims

Petitioner seeks federal habeas corpus relief by raising the following claims: (1) deprivation of the right to proceed without counsel as recognized in Faretta v. California, 422 U.S. 806 (1975); (2) insufficient evidence to support gang sentencing enhancements; (3) admission of irrelevant and inflammatory evidence; and (4) misjoinder of defendants.  Liberally construed, the claims appear colorable under 28 U.S.C. § 2254 and merit an answer from respondents.

## III.    CONCLUSION

For the foregoing reasons and for good cause shown:

1.      The clerk shall serve by certified mail a copy of this order and the petition and all attachments thereto upon respondents.  The clerk shall also serve a copy of this order on petitioner and his counsel.

2.      Respondents shall file with the court and serve on petitioner, within 60 days of the date of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued.  Respondent shall file with the answer and serve on petitioner a copy of all portions of the administrative record that are relevant to a determination of the issues presented by the petition.

3.      If the petitioner wishes to respond to the answer, he shall do so by filing a

United States District Court
Northern District of California

traverse with the court and serving it on respondent within 30 days of his receipt of the answer.

**IT IS SO ORDERED.**

Dated: May 29, 2015



_____
ELIZABETH D. LAPORTE
United States Magistrate Judge